Approved: _____
            MATTHEW LAROCHE
            Assistant United States Attorneys

Before:     THE HONORABLE ANDREW J. PECK
            United States Magistrate Judge
            Southern District of New York

16 MAG 7084

------------------------------- x
                                :    COMPLAINT
UNITED STATES OF AMERICA        :
                                :    Violation of
           - v. -               :    21 U.S.C. § 846
                                :
RAMON MICHEL RAMOS,             :    COUNTY OF OFFENSE:
                                :    BRONX
           Defendant.           :
                                :
------------------------------- x

SOUTHERN DISTRICT OF NEW YORK, ss.:

THOMAS KASENETZ, being duly sworn, deposes and says that he is a Special Agent with the Drug Enforcement Administration ("DEA"), and charges as follows:

### COUNT ONE

1. From at least in or about October 2016, up to and including in or about November 2, 2016, in the Southern District of New York, RAMON MICHEL RAMOS, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that RAMON MICHEL RAMOS, the defendant, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

3.   The controlled substance that RAMON MICHEL RAMOS, the defendant, conspired to distribute and possess with the intent to distribute was five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

4.   I am a Special Agent with the DEA, and I have been involved in the investigation of the above-described offense. The information contained in this Complaint is based upon my personal knowledge and participation in this investigation, as well as on my conversations with other law enforcement agents and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated. Where figures, calculations, and dates are set forth herein, they are approximate, unless stated otherwise.

5.   Based on my conversations with DEA agents (the "Agents") investigating an organization that is laundering drug-trafficking proceeds, I have learned, among other things, the following:

  a.   During the course of the investigation, the Agents identified RAMON MICHEL RAMOS, the defendant, as an individual involved in laundering drug-trafficking proceeds. On or about November 2, 2016, the Agents conducted surveillance of RAMOS in Queens, New York where he met with other individuals (the "Drop Location"). The Agents followed RAMOS from Queens, New York to the vicinity of 1030 East 24th Street, Patterson, New Jersey (the "Home"). RAMOS traveled through the Southern District of New York from the Drop Location to the Home.

  b.   Once RAMOS arrived at the Home, RAMOS entered the Home and then sometime later exited the Home carrying a bag (the "Bag"). The Agents then approached RAMOS, and during that interaction, RAMOS consented to the search of the Bag, which contained approximately $150,000 in U.S. currency.

     c. Around the time that the Agents searched the Bag, RAMOS stated, in substance and in part, that he lived in the Home. RAMOS then provided verbal and written consent to search the Home. During the subsequent search of the Home, the Agents recovered, among other things, mail addressed to RAMOS, approximately $400,000 in cash, and twenty packages of a powdery substance (the "Packages"). Based on the Agents' training and experience, they believe that the Packages each weigh approximately one kilogram. A field test conducted on one of the Packages determined that the Package contained cocaine. RAMOS was subsequently placed under arrest.

     d. Following RAMOS's arrest, the Agents spoke with the landlord of the Home. During that interaction, the landlord stated, in substance and in part, that RAMOS had lived in the Home for approximately six months.

 WHEREFORE, I respectfully request that RAMON MICHEL RAMOS, the defendant, be imprisoned or bailed, as the case may be.

_____<br>
THOMAS KASENETZ<br>
Special Agent<br>
Drug Enforcement Administration

Sworn to before me this
3rd day of November 2016

_____
THE HONORABLE ANDREW J. PECK
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK